SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 16 2010 ★
BROOKLYN OFFICE

---

DAVID EHRICH,

        Plaintiff,

-against-

CREDIT PROTECTION ASSOCIATION L.P.,

        Defendant.

---

**CLASS ACTION COMPLAINT**

KORMAN, J.

CARTER, M.J.

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1. This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2. This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this District because the acts and transactions that give rise to

1

this action occurred, in substantial part, in this District. Additionally, plaintiff resides within the Eastern District.

4. Plaintiff is a resident of Queens County, in the State of New York.

5. Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the Defendant, sought to collect from plaintiff is a consumer debt.

6. Upon information and belief, Defendant is an active Texas business, which violated the FDCPA by causing communication to be sent to the plaintiff in New York.

7. Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8. Defendant is thus a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

9. Plaintiff received direct communications from defendant, who caused the collection letters complained of herein to be sent to the home address of plaintiff within one year of the filing of this complaint.

10. Said communications were attempts to collect a debt alleged to have been in default.

## CLASS ACTION ALLEGATIONS

11. This action is brought by plaintiff as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers and their successors in interest (the "Class") with addresses located in the United States who have received initial debt collection notices and/or letters from the defendant as of one year prior to the filing of plaintiff's complaint until the present, which violated the FDCPA in one or more of the ways

indicated within this complaint. Excluded from this Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are members, officers, directors, employees, associates or partners of defendant.

12. This action is properly maintained as a class action. The Class satisfies all the requirements of Rule 23 for maintaining a class action.

13. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices and/or voicemails from the defendant, which violate various provisions of the FDCPA.

14. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692(e).

    b. Whether plaintiff and the Class have been injured by the conduct of the defendant; and

    c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of the wrongdoing defendant and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

15. The claims of Plaintiff are typical of the claims of the Class. The interests of the plaintiff are not adverse or antagonistic to the interests of other members of the classes.

16. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

17. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. No unusual difficulties are likely to be encountered in the management of this class action.

18. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the members of the Class will continue to suffer losses of statutorily protected rights as well as monetary damages and if the conduct of defendant will proceed without remedy defendant will continue to reap and retain proceeds of ill-gotten gains.

19. Defendant has acted on grounds generally applicable to the Class in its entirety, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

20. All the foregoing paragraphs are incorporated by reference as if set forth fully herein.

21. Upon information and belief, the collection letters that plaintiff received are form letters

4

sent by defendant to the plaintiff. Attached as Exhibit A is a redacted copy of one of the collection letters received by plaintiff.

22. Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

23. Defendant violated section 1692(e) by placing Spanish language in the debt collection letter dated November 18, 2010.

24. The aforementioned collection letter is overshadowed by the use of Spanish language. Said language is specifically directed to consumers who do not speak English. It effectively communicates with these consumers without communicating to them any of the required notices under section 1692(e)(11).

25. The only Spanish language used in the collection letter complained of herein is "Aviso Importante De Cobro" and "Opciones De Pago. . . Llame . . . Envíe MoneyGram". These statements only translate to "An Important Collection Notice" and instructions on how to pay the alleged debt, respectively. There is no Spanish language portion of the letter that gives any of the notices required under the FDCPA.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff and the class statutory damages;

c) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
December 13, 2010

Plaintiff requests trial by jury on all issues so triable.

Lawrence Katz, Esq.
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404

# EXHIBIT A

# COLLECTION NOTICE
## AVISO IMPORTANTE DE COBRO

**CREDIT PROTECTION ASSOCIATION L.P.**
A NATIONWIDE COLLECTIONS COMPANY

November 18, 2010
01-027056
8160140041444386
01609838844
David Ehrich

Service balance: $178.87
Equipment at: $250.00
Total Amount Due: $428.87

1702-0027

#BWNFMBY——MIXED AADC 752
#01609838844#

David Ehrich

**Remit to:**
Time Warner of New York City
25-20 Brooklyn Queens Expwy
Woodside NY 11377-7827

02  01027056  000000000001609838844 0042887 9

---

FOLD TEAR AND RETURN TOP PORTION WITH YOUR PAYMENT

**Creditor:** Time Warner of New York City
**Account #:** ████████████
**Reference #:** 01609838844

**Toll Free** (800) 255-6775
**Balance Due:** $428.87
1702-0027

November 18, 2010

Dear David Ehrich:

Time Warner Cable has informed us that no payment or arrangement was made to settle your overdue account in the amount of $428.87. Be advised that the thirty (30) day validation period discussed in our first letter concerning the validity of your debt will pass within the next three (3) weeks. If you do not seek validation, we will assume that your debt is valid at the end of that period. If this account is not settled, your name and account number may be noted in Time Warner Cable's records throughout the country.

Credit Protection Association is a professional collection agency and is authorized to take all appropriate steps to collect this debt.

To insure proper credit, include the top portion of this letter with your payment. If payment has already been made, please contact Time Warner of New York City.

For your convenience, Credit Protection Association accepts Visa®, MasterCard® and check payments by phone or Web 24-hours a day, 7 days a week, through our Automated Payment System. To use our system, please call us at 1-800-418-8144 or visit www.paycpa.com. Please have your 11 digit reference number **01609838844** available.

Cash payments may be made through MoneyGram's Express Payment Service at any MoneyGram location nationwide. Credit Protection Association's four (4) digit MoneyGram receive code is 5040. Check your local Wal-Mart for payment locations or visit www.moneygram.com. Direct inquiries to J. W. Preston at (877) 252-3745.

**Please see reverse side for important information!**

**OPCIONES DE PAGO**
* Llame 1-800-418-8144
* Envie MoneyGram

**HERE'S HOW TO PAY**
* Call 1-800-418-8144
* Visit www.paycpa.com
* Return your payment and coupon through the mail

**WE ACCEPT**
* Check
* MoneyGram Express Payment™
* Visa® and MasterCard®
* Money Order

© 1977-2010 Credit Protection Association, L.P.  13355 Noel Rd., Dallas, TX 75240
This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.