UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
DAVID EHRICH

                                              Plaintiff,        10 CV 5863(ERK)(ALC)

    -against-

CREDIT PROTECTION ASSOCIATION, L.P.

                                              Defendant.
--------------------------------------------------------------------------------

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516
lkatz@lawkatz.com
Telephone  (516) 374-2118
Facsimile   (516) 706-2404

## MEMORANDUM OF LAW

### FACTS OF THE CASE

The facts of this case are undisputed. As such a Motion for Judgment on the Pleadings is appropriate. While the parties do not dispute the facts of the case they do dispute the application of these facts to the law. This case was brought by the Plaintiff, Ehrich, pursuant to the Fair Debt Collection Practices Act (FDCPA). Pursuant to the FDCPA the Plaintiff claims that the Defendant's letter violates the FDCPA as it included communications in Spanish without providing the legally required notices in Spanish.

As the complaint makes clear, plaintiff objects to the defendant communicating with consumers in Spanish without also notifying them of their rights in Spanish.

### ARGUMENT:

Defendant suggests that the objective standard of the "least sophisticated consumer" encompasses English speaking consumers and not Spanish speaking consumers. Plaintiff would submit that the standard encompasses all consumers including those who "exclusively" communicate in Spanish. Further, plaintiff rests his argument on the assumption that one must give the legally required notices in the language or, as in this case, the languages in which the communication is made.

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 1997 U.S. App. LEXIS 5000 at *5 (7th Cir. 1997); Baker v.

1

G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692g, 1692e, and 1692f. Statutory damages are recoverable for violations, whether or not the plaintiff proves actual damages. *Baker*, 677 F.2d at 780-1; *Woolfolk v. Van Ru Credit Corp.*, 783 F.Supp. 724, 727 and n.3 (D.Conn. 1990); *Cacace v. Lucas*, 775 F.Supp. 502 (D.Conn. 1990); *Riveria v. MAB Collections, Inc.*, 682 F.Supp. 174, 177 (W.D.N.Y. 1988); *Kuhn v. Account Control Technol.*, 865 F.Supp. 1443, 1450 (D.Nev. 1994); *In re Scrimpsher*, 17 B.R. 999, 1016-7 (Bankr. N.D.N.Y. 1982); *In re Littles*, 90 B.R. 669, 680 (Bankr. E.D.P. 1988), aff'd as modified sub nom. *Crossley v. Lieberman*, 90 B.R. 682 (E.D.Pa. 1988), aff'd 868 F.2d 566 (3d Cir. 1989).

Whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated debtor." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Taylor v. Perrin, Landry, de Launday & Durand*, 103 F.3d 1232, 1997 U.S.App. LEXIS 1637 (5th Cir. 1997); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028-9 (6th Cir. 1992); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225-6 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.* 760 F.2d 1168 (11th Cir. 1985); *Russey v. Rankin*, 911 F.Supp. 1449 (D.N.M. 1995); *Bukumirovich v. Credit Bureau of Baton Rouge Inc.*, 155 F.R.D. 146 (M.D.La. 1994); *United States v. National Financial Servs.*, 829 F.Supp. 228, 232 (D.Md. 1993), aff'd, 98 F.3d 131, 135, 1996 U.S.App. LEXIS 26645 (4th Cir. 1996). "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon, supra*. This standard ensures that "purported compliance

2

with the form of the statute [is] not ... given sanction at the expense of the substance of the Act." *Jacobson v. Healthcare Financial Services, Inc.* 516 F.3d 85, 90 -91 (2nd Cir. 2008) (Quoting *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir.1996).

The FDCPA pursuant to 15 U.S.C. §1692g(a) requires various notices be given to the consumer including what is commonly referred to as the 30 day notice. The statute also requires a debt collector to disclose, as to each and every communication, that it is a communication from a debt collector, and in addition, within the initial communication indicate that any information obtained will be used for the purpose of debt collection. 15 U.S.C. § 1692e(11)  This requirement "is often referred to as the "Mini-Miranda warning." *Ostrander v. Accelerated Receivables* 2009 WL 909646, 4 (W.D.N.Y.,2009)

Defendant points out that it has clearly given all required notices in English. However, it has chosen to communicate with the consumer in Spanish and failed to give the required notifications in Spanish. "[I]f the debt collector has targeted a particularly vulnerable group-say, consumers who he knows have a poor command of English-the benchmark for deciding whether the communication is deceptive would be the competence of the substantial bottom fraction of *that* group." *Evory v. RJM Acquisitions Funding L.L.C.* 505 F.3d 769, 774 (Cir. 7, 2007)  Spanish speaking consumers could no more be expected to understand the  legally required notices written in English any more than English speaking consumers can be expected to understand the notices if their were written in Spanish.

3

Of course, the statute does not specifically address what language the notices should be in, however, given that the notices are triggered by communications it should follow that the language of the notice is required to be in the same language as the communication.

This is true of the 30 day notice and even more so of the "mini Miranda" which is required in the initial as well as all subsequent communications.

Where as here the debt collector has chosen to communicate with the debtor in Spanish in addition to English it is not enough to give the notice in English. Here, the least sophisticated consumer of the group that defendant targeted with the Spanish language inserted within its collection letter, would not understand the notices given in English.

As the late Judge Trager stated in a case involving a collection letter that included Spanish language "by including the Spanish sentence, defendant might deceive or mislead the least sophisticated Spanish-speaking consume into calling the phone number, thereby potentially waiving his or her rights. As such, the debt collection letter also violates § 1692e." *Ehrich v. I.C. Sys.*, 681 F. Supp. 2d 265, 273 (E.D.N.Y. 2010) Judge Trager also concluded that it was reasonable to find collection agencies liable under these circumstances as they "could either not include any Spanish at all, or alternatively, they could provide the entire notice in Spanish in addition to the English." *Ehrich v. I.C. Sys.*, 681 F. Supp. 2d 265, 273.

Defendant tries to argue that it gave the initial notices and warnings as required but this ignores the fact that no notice or warnings were ever given in Spanish. Defendant then argues that the only warning it was required to give in Spanish, since this was not an initial communication, was that the communication was from a debt collector.

Of course nowhere in this letter can such a warning be found in Spanish, nonetheless defendant asserts this is not an initial communication as the initial communication and notices triggered by that communication were already made, although in English. Defendant then attempts to argue that it has included the notice required with all subsequent communications in Spanish. According to defendant the Spanish language, which emphasizes payment, adequately substitutes for the notice legally required by the statute in all subsequent communication. However, in this instance someone who could not read the English content of the letter would not even know the identity of the entity that sent the letter let alone the fact that the entity was a debt collector. The letter clearly fails to give the warning in Spanish.

The letter is deceptive in as much as it attempts to communicate with the consumer in one language, and gives the required warnings and notices in another.

Standing

In this circuit a plaintiff need not have an actual damage in order to have standing in an FDCPA matter. To the best of this plaintiff's knowledge every circuit court that has considered the issue of standing in an FDCPA case has found that there is standing without any actual damage. "The FDCPA provides for liability for attempting to collect

5

an unlawful debt, however, and permits the recovery of statutory damages up to $ 1,000 in the absence of actual damages. Thus, courts have held that actual damages are not required for standing under the FDCPA. See, e.g., Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998) [**40] ("The plaintiff who admittedly owes a legitimate debt has standing to sue if the Act is violated by an unprincipled debt collector."); Baker v. G.C. Servs. Corp., 677 F.2d 775, 777 (9th Cir. 1982) (same); cf. Gambardella v. G. Fox & Co., 716 F.2d 104, 108 n.4 (2d Cir. 1983) (noting that "it is well settled . . . that proof of actual deception or damages is unnecessary to a recovery of statutory damages" under the Truth in Lending Act). Accordingly, we join those courts…" Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 307 (2d Cir. N.Y. 2003)  Although Article III's injury-in-fact requirement is a "hard floor" that "cannot be removed by statute," Summers v. Earth Island Inst., 129 S. Ct. 1142, 1151 (U.S. 2009), Congress plays a crucial role. The "'injury required by Article III may exist solely by virtue of "statutes creating legal rights, the invasion of which creates standing."'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 578 (U.S. 1992) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). Because "legal injury is by definition no more than the violation of a legal right; and legal rights can be created by the legislature," "standing['s] * * * existence in a given case is largely within the control of Congress." A. Scalia, *The Doctrine of Standing as an Essential Element of the Separation of Powers*, 17 Suffolk U. L. Rev. 881, 885 (1983). Whatever the full scope of Congress's authority, all agree it encompasses the power to elevate "to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Lujan*, 504 U.S. at 578. Must recently in *Mims v Arrows* the Supreme Court found that Federal Courts had original jurisdiction in junk fax cases brought pursuant to the

TCPA for statutory damages. Mims v. Arrow Fin. Servs. LLC, 132 S. Ct. 740, 753 (U.S. 2012)

Judge Trager in the IC system case also found that the court had standing as the "FDCPA broadens the traditional "injury in fact" analysis by expanding the range and scope of injuries that create constitutional standing. n6 Robey, 434 F.3d at 1212. Specifically, the FDCPA allows a plaintiff to recover statutory damages despite the absence of actual damages; in other words, the "injury in fact" analysis is directly linked to the question of whether plaintiff has suffered a cognizable statutory injury and not whether a plaintiff has suffered actual damages." Ehrich v. I.C. Sys., 681 F. Supp. 2d 265, 269 (E.D.N.Y. 2010)

[T]he FDCPA permits and encourages parties who have suffered no loss to bring civil actions for statutory violations. [The consumer's] subjective reaction to the letter, therefore, is neither here nor there. Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 96 (2d Cir. N.Y. 2008)

The effect this letter had on this plaintiff is neither here nor there. Whether he can speak Spanish or not is neither here nor there.

Judge Trager recognized the seeming oddity of this. 'Indeed, it is somewhat anomalous that plaintiffs who do not claim to speak Spanish would have constitutional standing in this case." Ehrich v. I.C. Sys., 681 F. Supp. 2d 265, 269 (E.D.N.Y. 2010) Of course as stated above Judge Trager found that the plaintiffs had standing and he did so because it was consistent with the case law that holds a collection letter is to be judged by

7

an objective standard and gives plaintiffs standing even where no actual damage is present.

Conclusion

The motion of the defendant should be dismissed in its entirety and judgment should be entered for the plaintiff.

Dated:   Cedarhurst, New York
          February 27, 2012

                              */s/ Lawrence Katz*
                              Lawrence Katz
                              445 Central Avenue Suite 201
                              Cedarhurst, New York 11516
                              Telephone  (516) 374-2118
                              Facsimile   (516) 706-2404